2024 IL App (2d) 240074-U
No. 2-24-0074
Order filed September 25, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-1407 |
| BRYAN G. NELSON, | ) ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not determine how defendant should make restitution consistent with his ability to pay; remanded for findings.

¶ 2    Defendant, Bryan G. Nelson, appeals a judgment ordering him to pay restitution. He contends that the trial court failed to set the manner and method of paying restitution based on his ability to pay, as required by section 5-5-6(f) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-6(f) (West 2022)). We agree that the court failed to set the manner and method of restitution payment based on defendant's ability to pay. Therefore, we remand for the court to comply with section 5-5-6(f).

¶ 3                            I. BACKGROUND

¶ 4     The State indicted defendant on one count of criminal damage to property (720 ILCS 5/21-1(a)(1), (d)(1)(F) (West 2022)) for knowingly damaging a vehicle owned by his neighbor. At the bench trial, the evidence established that defendant damaged his neighbor's vehicle by throwing bricks through the windows. The trial court found defendant guilty and, after denying defendant's posttrial motions, proceeded to sentencing.

¶ 5     According to the presentence investigation report (PSI), defendant reported his financial condition as follows. He had been unemployed for the past three years to care for the mother of his girlfriend, Shari, whom he considered his common-law wife. He and Shari had been living off the proceeds of the recent sale of her mother's home and selling possessions online. As assets, defendant reported that Shari received $1000 monthly in disability payments, he received "$60.00 per [plasma] donation" (he did not indicate the frequency of these payments), he had $1000 in his checking account, and he owned a 2005 GMC Yukon. He also owned a home valued at $242,000, encumbered by a $75,000 mortgage. He valued his personal belongings at approximately $2000. As debts, defendant reported monthly payments of $1100 toward a mortgage, $375 to $400 for utilities, $80 for transportation, and $150 for car insurance. Defendant said his financial situation was " '[h]orrible; we're just staying afloat, barely.' "

¶ 6     At the sentencing hearing on January 19, 2024, the State introduced a written estimate for repairing the victim's vehicle. The cost of replacing the windows, including parts and labor, was estimated at $3664. The estimate also stated: "Paint scratch. Estimate $1200." At the bottom, the estimate listed "Total Parts" as $3664 and "Total Labor" as $1200, for a "Total Amount" of $4864. The victim testified that he paid $4864 for the repairs per the estimate. However, the trial court ordered restitution of only $3644 because the court could not ascertain "what the $1200 [was] for."

The court ordered defendant to pay restitution and other assessments by January 19, 2026. In doing so, the court did not mention defendant's ability to pay or specify whether defendant was to pay the restitution as a lump sum or in installments. Defendant did not move to reconsider his sentence and instead filed this timely appeal.

¶ 7                                II. ANALYSIS

¶ 8      On appeal, defendant contends that the trial court failed, as required by section 5-5-6(f) of the Code, to set the manner and method of payment based on his ability to pay restitution. We agree.

¶ 9      At the outset, we note that defendant concedes that he forfeited this issue by failing to raise it in the trial court. However, he asserts that it is cognizable as plain error. The State responds that the trial court implicitly considered defendant's ability to pay and, to that extent, did not err. Yet the State concedes that the court did commit plain error when it failed to establish the manner and method of paying restitution.

¶ 10      "Generally, *** we consider forfeited for appeal any issue not raised both at trial and in a posttrial motion." *People v. Hoffman*, 2023 IL App (2d) 230067, ¶ 43. "However, forfeiture does not apply when the issues raised fall within the plain-error rule." *Id*. "Forfeited errors in sentencing, of which restitution is a part, may be reviewed under the plain-error rule if the error is plain and the defendant shows that either (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." (Internal quotation marks omitted.) *Id*. "[T]he trial court's imposition of restitution without setting the manner and method of payment in light of [the defendant's] ability to pay is reviewable under the second prong of the plain-error rule." *Id*. ¶ 44.

¶ 11    The first step in reviewing an issue for plain error is to determine whether there was clear or obvious error. *Id.* ¶ 45. "Generally, a trial court's order for restitution will not be disturbed on appeal absent an abuse of discretion." *Id.* ¶ 46. However, an order for restitution must comply with section 5-5-6 of the Code (730 ILCS 5/5-5-6 (West 2022)). Here, because defendant's claim concerns whether the restitution order complied with the statutory requirements, we review it *de novo*. *Hoffman*, 2023 IL App (2d) 230067, ¶ 46.

¶ 12    Section 5-5-6(f) of the Code provides that the trial court shall determine, after considering the defendant's ability to pay, whether restitution shall be paid in a single payment or installments and shall fix a time, not to exceed five years, in which payment shall be made in full. 730 ILCS 5/5-5-6(f) (West 2022). Where, as here, the court orders that restitution be paid over a period greater than six months, the court shall order the defendant to make monthly payments, absent a specific finding of good cause to waive this requirement. *Id.*

¶ 13    "A trial court is *not* required to consider a defendant's ability to pay in setting the *amount* of restitution." (Emphasis in original.) *People v. D'Alise*, 2022 IL App (2d) 210541, ¶ 47. However, "[t]o determine a reasonable time frame and manner for payment of restitution mandates, the court must first consider [the] defendant's ability to pay." *Id.* "[The] trial court is not required to expressly state that it considered [the] defendant's ability to pay. Rather, there need only be sufficient evidence before the court concerning the defendant's ability to pay." *Id.* ¶ 51. But "the fact that there was evidence before the trial court from which it could assess [the] defendant's ability to pay does not mean that the restitution order is proper." *Id.* ¶ 55. Rather, the court "must specifically consider [the] defendant's ability to pay restitution to determine the time frame and manner of restitution payment." *Id.*. The failure to do so warrants a remand for the

limited purpose of allowing the court to determine the manner and method of payment as prescribed by section 5-5-6(f) of the Code. *Id.*, ¶¶ 61-62.

¶ 14    Here, the trial court ordered defendant to pay restitution of $3644. In doing so, the court had before it the PSI, which provided information on defendant's financial assets and obligations. That evidence was sufficient for the court to determine that defendant had the ability to pay the restitution. However, the court did not indicate whether defendant was to pay the restitution in a lump sum or installments. Also, because the restitution was to be paid by January 19, 2026, a period greater than six months, the court was required to order monthly payments except for good cause. The court's failure to comply with section 5-5-6(f) of the Code was clear and obvious error. Moreover, the error was plain error under the second prong of the plain error rule. Therefore, we remand for a proper determination of the manner and method of payment under section 5-5-6(f).

¶ 15                                    III. CONCLUSION

¶ 16    For the reason stated, we affirm the judgment, but vacate the restitution order. This cause is remanded the cause for the limited purpose of allowing the trial court to set the manner and method of paying restitution in light of defendant's ability to pay.

¶ 17    Judgment affirmed in part and vacated in part; remanded with directions.